IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAI LIN and JIN LIN, | § | |
| | § | No. 50, 2017 |
| Defendants Below, | § | |
| Appellants, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. N15C-03-261 |
| FRANBERT LLC, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 10, 2017
Decided: February 15, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 15th day of February 2017, having considered the defendants-below/appellants' notice and supplemental notice of appeal from interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1) The defendants-below/appellants ("the defendants") have filed a notice seeking to appeal an interlocutory order of the Superior Court in a case involving a guaranty of payment under a commercial lease agreement. This is the second time the defendants have sought an interlocutory appeal in the Superior Court case. In May 2016, the defendants sought to appeal the Superior Court's

April 6 denial of their motion to dismiss the complaint for lack of subject matter jurisdiction. In that instance, we refused the interlocutory appeal.[1]

(2)    The defendants now seek to appeal Part I of an interlocutory memorandum opinion issued by the Superior Court on January 4, 2017. In Part I of the opinion, the Superior Court granted the plaintiff leave to file a second amended complaint rejoining a previously omitted plaintiff and assigning that plaintiff's rights to the existing plaintiff. Also, the Superior Court ruled against defendant-Hai Lin on his claim that he was not a guarantor of the original lease agreement and therefore could not be held accountable as a guarantor under the later omnibus lease agreement.[2]

(3)    By memorandum opinion dated February 8, 2017, the Superior Court denied the defendants' application for certification of an interlocutory appeal from the January 4 memorandum opinion. The court found that granting the plaintiff leave to file a second amended complaint did not decide a substantial issue of material importance or determine a substantial right that relates to the merits of the case. The court also found that its denial of defendant-Hai Lin's claim that he had no obligation under the original lease agreement or the later omnibus lease

---

[1] *Lin v. Franbert LLC*, 2016 WL 3382297 (Del. June 10, 2016).
[2] In Part II of the memorandum opinion, the Superior Court denied motions *in limine* filed by the plaintiff.

agreement did not involve a novel question of law resolved for the first time in this State, as the defendants had suggested.

(4)     Under Rule 42, applications for interlocutory review are addressed to the sound discretion of the Court.[3]     Such applications are granted only in exceptional circumstances where the interlocutory order has decided a substantial issue of material importance that merits appellate review before a final judgment.[4] In this case, the Court agrees with the Superior Court's February 8 denial of the defendants' application for certification of an interlocutory appeal.  The principles and criteria of Rule 42 do not weigh in favor of interlocutory review of the January 4 memorandum opinion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] Del. Supr. Ct. R. 42(d)(v).
[4] *Id.* (b)(i)–(iii).